EL PUEBLO, DEMANDANTE Y APELADO, *v.* PÉREZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 1169.—Resuelto en junio 14, 1917.

CORTES MUNICIPALES — CORTES DE DISTRITO — JURISDICCIÓN — APELACIÓN DE UN DELITO SOBRE EL QUE NO TIENE JURISDICCIÓN LA CORTE MUNICIPAL.—Una corte municipal no tiene jurisdicción para conocer de una denuncia que imputa un delito grave, por lo que tampoco la tiene la corte de distrito para conocer de la misma en grado de apelación.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—MUTILACIÓN— JURISDICCIÓN EXCLUSIVA.—Aun cuando la sentencia de la corte municipal sea por el delito menos grave de acometimiento y agresión con circunstancias agravantes si se imputa en la denuncia el delito grave de mutilación, esto no confiere jurisdicción a la corte de distrito, en grado de apelación, pues si bien en esta clase de delitos puede el acusado ser declarado culpable del de acometimiento y agresión simple o con circunstancias agravantes de acuerdo con el artículo 286 del Código de Enjuiciamiento Criminal, enmendado por la Ley No. 22, de 11 de marzo de 1913, tal facultad ha sido concedida al tribunal con jurisdicción original para conocer del delito de mutilación en vista del resultado de la prueba, esto es al tribunal de distrito, mediando acusación fiscal que da derecho al acusado a ser juzgado por un jurado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte Municipal de Carolina se presentó la denuncia que en lo necesario dice así:

"Yo, Ramón Agüero, D. C. I. P., vecino de Carolina, P. R., calle de la Marina, mayor de edad, formulo denuncia contra Isaías Pérez por delito de mutilación (Inf. art. 212 C. P.) cometido de la manera siguiente: que en 19 de septiembre de 1916, y en el barrio de San Antón, del Distrito Judicial Municipal de Carolina, que forma parte del Distrito de San Juan, P. R., el acusado arriba expresado, de una manera ilegal, maliciosa, voluntaria y criminalmente y con el propósito de inferirle grave daño corporal, acometió y agredió con un machete al individuo Dámaso Díaz, produciéndole una herida sobre el labio superior y otra en la mano izquierda que le ocasionó la mutilación de un dedo. Este hecho es contrario a la forma, eficacia y propósito de la ley para tal caso hecha y prevista y contra la paz y dignidad de El Pueblo de Puerto Rico. R. Agüero, denunciante.''

Celebrado el juicio y dictada sentencia condenatoria por delito de acometimiento y agresión con circunstancias· agravantes fué apelada para ante la Corte de Distrito de San Juan, Sección Segunda, y al comenzar en ésta el juicio de *novo* solicitó el Fiscal que la corte rebajase el grado del delito a acometimiento y agresión con circunstancias agravantes. No consta en la transcripción la resolución de la corte a esa petición pero celebró el juicio y dictó sentencia condenando también por delito de acometimiento y agresión con circunstancias agravantes. Esta sentencia ha sido apelada para ante nosotros por Isaías Pérez.

Es indudable que la Corte Municipal de Carolina no tenía jurisdicción para conocer de una denuncia que imputa un delito de mutilación, que es un delito grave, porque la sección cuarta de la ley de 11 de marzo de 1904, promulgada para reorganizar el sistema judicial y para otros fines, no le concede tal jurisdicción por lo que tampoco la tuvo la corte de distrito para conocer en grado de apelación de un delito sobre el que no tenía jurisdicción la corte municipal. 12 Cyc. 797, 2 R. C. L. pág. 34.

Es cierto que la sentencia de la corte municipal es por un delito menos grave, pero esto tampoco confirió jurisdicción

a la corte de distrito porque si bien en los delitos por mutilación puede el acusado ser declarado culpable del delito de acometimiento y agresión simple o con circunstancias agravantes, de acuerdo con el artículo 286 del Código de Enjuiciamiento Criminal, enmendado por la ley No. 22 de 11 de marzo de 1913, esta facultad ha sido concedida al tribunal que tenga jurisdicción para conocer del delito de mutilación en vista del resultado de las pruebas, mas no la tiene la corte municipal porque ella no puede conocer del delito grave de mutilación.   Además, por virtud de la apelación la sentencia de la corte municipal quedó sin efecto y la corte de distrito se encontró para celebrar el juicio *de novo* con la misma denuncia que se presentó en la corte municipal imputando un delito grave de mutilación, que no estaba presentada y jurada por un fiscal según exige la ley sin cuyo requisito no podía conocer de ese delito grave y el hecho de que el Fiscal le pidiera que bajase el grado del delito a acometimiento y agresión con circunstancias  agravantes tampoco le dió jurisdicción sobre el caso pues quedaron subsistentes los hechos relatados en la denuncia, constitutivos de un delito grave, que necesitaba acusación del fiscal y que daba derecho al acusado a ser juzgado por un jurado del cual se prescindió por la petición del fiscal y la actitud de la corte de distrito.

Por las razones expuestas la sentencia apelada debe ser revocada, con instrucciones a la corte de distrito para que dicte otra anulando la de la Corte Municipal de Carolina.

> *Revocada la sentencia apelada, debiendo la corte inferior proceder a dictar sentencia anulando la de la corte municipal.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.